**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS** 2025 JUN 27 PM 2:16

CASE NO. 1:25CV01016

RP

Cameron D. Griffin,

Plaintiff

v.

Amazon.com Services LLC,

Defendant

## COMPLAINT FOR DAMAGES UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

### I. JURISDICTION AND VENUE

1. This is a civil rights action brought under **Title VII of the Civil Rights Act of 1964**, as amended, 42 U.S.C. §§ 2000e et seq., to correct unlawful employment practices on the basis of **race**, **color**, and **retaliation**.

2. Jurisdiction is proper under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e–5(f)(3).

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the unlawful employment practices were committed in **Pflugerville, Texas**, where the Defendant maintains its facility.

### II. PARTIES

4. Plaintiff **Cameron D. Griffin** is a Black/African American male, formerly employed by Defendant at its Amazon Fulfillment Center (AUS2) located at 2000 E. Pecan Street, Pflugerville, TX 78660.

5. Defendant **Amazon.com Services LLC** is an employer within the meaning of Title VII, with more than 500 employees, and operates facilities throughout the United States, including the AUS2 center in Texas.

## III. ADMINISTRATIVE EXHAUSTION

6. Plaintiff filed a timely charge of discrimination with the **Equal Employment Opportunity Commission (EEOC)**, Charge No. 530-2024-07369, and received a Notice of Right to Sue. See Exhibit C and D.

7. This Complaint is being filed within 90 days of receipt of the Right to Sue letter.

## IV. STATEMENT OF FACTS

8. Plaintiff was initially hired in 2018 and rehired in November 2022 as a **FC Associate I**.

9. During his employment, Plaintiff made multiple internal complaints regarding unsafe working conditions and racially disparate treatment by white managers. See Exhibit B

10. On or about **May 2024**, Plaintiff was assigned to a desk on the second floor without access to log into the system. He sat for hours in a hot environment with no alternative assignment, resulting in **heat-related illness** and loss of consciousness.

11. Plaintiff was **shoved** awake by a co-worker (Julio G.), and reported the incident to HR and loss prevention. No discipline was issued to the aggressor.

12. When Plaintiff reported the matter to police, he was falsely accused by another white employee of lying and was subsequently arrested.

13. Plaintiff was **suspended**, then **terminated on June 6, 2024**, despite being informed that he violated no Amazon policy.

14. OSHA later acknowledged multiple hazards at the facility including:

- o   Heat stress and fatigue;
- o   Conveyor fires and electrical exposure;
- o   Flooding and slip/trip hazards (OSHA Complaint No. 2176760).

15. Amazon's internal response to OSHA attempts to dismiss these hazards but contradicts OSHA's own acknowledgment of their presence. See Exhibit A

16. Plaintiff reasonably believes his **termination was a direct result of his protected complaints** regarding race-based harassment and workplace safety.

## V. CAUSES OF ACTION

## Count I: Race and Color Discrimination – 42 U.S.C. § 2000e-2(a)

17. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

18. Defendant intentionally discriminated against Plaintiff on the basis of **race and color**, subjecting him to unequal treatment, allowing white managers to operate with impunity, and failing to act upon safety complaints lodged by Black employees.

**Relevant Case Law:**

- *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)
- *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248 (1981)

## Count II: Retaliation – 42 U.S.C. § 2000e-3(a)

19. Plaintiff engaged in protected activity when he complained to HR, loss prevention, and police about unsafe conditions and being physically assaulted.

20. Shortly thereafter, he was suspended and terminated, establishing temporal proximity sufficient for a **prima facie** case of retaliation. See Affidavit of Truth under Exhibit E.

**Relevant Case Law:**

- *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268 (2001)
- *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)

## Count III: Hostile Work Environment – 42 U.S.C. § 2000e-2(a)

21. The repeated failure to address safety concerns, coupled with racially hostile behavior (false accusations, assault, neglect), created an abusive and hostile work environment.

**Relevant Case Law:**

- *Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993)
- *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998)

### VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in his favor and grant:

1. Compensatory damages for emotional distress and loss of dignity;
2. Back pay and front pay;
3. Reinstatement or, alternatively, full damages for wrongful discharge;
4. Punitive damages pursuant to 42 U.S.C. § 1981a;
5. Pre- and post-judgment interest;
6. Attorneys' fees and costs;
7. Any other relief the Court deems just and proper.

**Respectfully submitted,**

By:

**Cameron D. Griffin**
Pro Se Plaintiff
539 W. Commerce St, Suite 3569
Dallas, TX 75208
(737) 314-6188
Camerongriffin881@yahoo.com

# VERIFICATION

I, **Cameron D. Griffin**, being duly sworn, depose and say:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 27 day of June, 2025.

By: _____

**Cameron D. Griffin**
Pro Se Plaintiff
539 W. Commerce St, Suite 3569
Dallas, TX 75208
(737) 314-6188
Camerongriffin881@yahoo.com