IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAMERON D. GRIFFIN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:25-CV-1016-RP |
| AMAZON.COM SERVICES LLC, | § § § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Amazon.com Services LLC's ("Amazon") Rule 12(b)(6) Motion to Dismiss. (Mot. to Dismiss, Dkt. 11). Plaintiff Cameron D. Griffin ("Griffin') filed an untimely response, (Dkt. 13),[1] and Amazon filed a reply, (Dkt. 14). Griffin's response also included a motion for the Court to hold a hearing on the motion to dismiss, as well as a motion for leave to amend his pleading should the Court find his Complaint, (Dkt. 1), deficient. Having considered the parties' submissions, the record, and the applicable law, the Court will grant Amazon's motion to dismiss, deny Griffin's motion for leave to amend, and dismiss as moot Griffin's motion for a hearing.

## I. BACKGROUND

Griffin filed the instant action on June 27, 2025, under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* (Compl., Dkt. 1, at 1). He alleges that he is a "Black/African American male" who was formerly employed by Amazon at its fulfillment center in Pflugerville, Texas. (*Id.*). He alleges that, while employed by Amazon, he made "multiple internal complaints regarding unsafe working conditions and racially disparate treatment by white managers." (*Id.* at 2). He reports

---

[1] The Court, in its discretion, will consider Griffin's untimely response.

1

suffering from "heat-related illness and loss of consciousness" in May 2024.[2] (*Id.*) Griffin claims that a coworker "shoved [him] awake," and after Griffin reported the incident to human resources, the co-worker was never disciplined for this aggressive conduct. (*Id.*). When Griffin subsequently reported the incident to police, a white coworker allegedly falsely accused Griffin of lying, resulting in Griffin being arrested. (*Id.*). Griffin states that he was terminated soon after on June 6, 2024, "despite being informed that he violated no Amazon policy." (*Id.*). He contends that "his termination was a direct result of his protected complaints regarding race-based harassment and workplace safety." (*Id.* at 3). Griffin later filed a Charge of Discrimination with the Equal Employment Opportunity Commission and Texas Workforce on March 12, 2025, which he included as an exhibit to his Complaint. (EEOC Charge, Dkt. 1-5, at 1–2). He also attached his Notice of Right to Sue, which was issued on March 19, 2025. (Notice of Right to Sue, Dkt. 1-6).

Based on these allegations, Griffin asserts causes of action for race and color discrimination under Title VII, retaliation under Title VII, and hostile work environment under Title VII. (Compl., Dkt. 1, at 3–4). Amazon filed a motion to dismiss each of these claims against it under Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss, Dkt. 11).

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a

---

[2] Griffin claims that the Occupational Safety and Health Administration ("OSHA") "later acknowledged multiple hazards at the facility," including "[h]eat stress and fatigue." (*Id.* at 3).

complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### B. Leave to Amend

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this

rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002). But leave to amend "is by no means automatic." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991). A district court may deny leave to amend if it has a "substantial reason" to do so. *Lyn–Lea Travel Corp.*, 283 F.3d at 286. The futility of amendment is one such substantial reason to deny leave to amend. *Stripling v. Jordan Prod. Co.*, LLC, 234 F.3d 863, 872–73 (5th Cir. 2000). A proposed amendment is futile if it fails to state a claim upon which relief could be granted. *Id.* at 873. Therefore, in determining futility, this Court will apply the "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*

### III. DISCUSSION

#### A. Motion to Dismiss Under 12(b)(6)

A plaintiff bringing claims under Title VII must exhaust his administrative remedies prior to bringing suit. *See* 42 U.S.C. § 2000e–5(f)(1). Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a notice of right to sue. See *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996) (discussing the requirement in terms of suits filed under the Americans with Disabilities act, but likening such cases to those filed under Title VII). Title VII provides claimants ninety days to file a civil action in federal court after receipt of such notice from the EEOC. *See id.* at 789; 42 U.S.C. § 2000e–5(f)(1). This ninety-day requirement is strictly construed and is akin to a statute of limitations. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).

Amazon argues in its motion to dismiss that Griffin's claims are time-barred, asserting that this lawsuit was not filed within ninety days of his receipt of the EEOC's Notice of Right to Sue. (Mot. to Dismiss, Dkt. 11, at 3). It attached to its motion the EEOC "event log" for Griffin's

4


charge,[3] which it obtained through a Freedom of Information Act ("FOIA") request. (EEOC Charge Event Log, Dkt. 11-2). The records indicate that the Notice of Right to Sue document was uploaded on March 19, 2025, Griffin was notified via email that same day that a new EEOC document was available for download, and Griffin (the "Charging Party") downloaded the Notice of Right to Sue document on March 20, 2025. (*Id.* at 6–7). Amazon claims that the Court can take judicial notice of the event log as a public record. (Mot. to Dismiss, Dkt. 11, at 4 n.1). It also argues that Griffin "explicitly references the EEOC's notification email in his pleading," making the event log a document referenced by Griffin's Complaint. (*Id.*).

The Court disagrees with Amazon that because Griffin references a notification email from the EEOC regarding his Notice of Right to Sue, the Court can consider the EEOC event log as a document expressly referenced within Griffin's Complaint. Those are entirely separate documents. It is nonetheless possible that the Court may consider the event log in ruling on this motion. Other district courts in this Circuit have held that they may consider EEOC documents as a matter of public record at the motion-to-dismiss stage, especially when the documents' authenticity is not contested. *See, e.g.*, *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011) ("Even though the EEOC charge is a matter outside the pleading, judicial notice of it may be taken as a matter of public record when deciding a Rule 12(b)(6) motion, especially since its authenticity is uncontested."). Griffin did not contest the authenticity of the event log in his Response, (Dkt. 13). On the other hand, the Fifth Circuit has cautioned district courts against relying upon EEOC documents that "were not attached to or explicitly referenced by the . . . complaint." *See Lopez v. Kendall*, No. 22-50411, 2023 WL 2423473, at *2 (5th Cir. Mar. 9, 2023) (per curiam) (reversing the district court's

---

[3] The event log contains entries of the dates and times a change was made to Griffin's EEOC file, including the date and time a document was uploaded by the EEOC and the date and time a document was downloaded by Griffin, the "Charging Party." (EEOC Charge Event Log, Dkt. 11-2).

5

dismissal of a Title VII case because the district court "improperly relied upon" an EEOC document "not attached to or explicitly referenced by the . . . complaint").

Regardless of whether the Court may take judicial notice of Griffin's EEOC charge event log, the Court concludes that Griffin did file this action more than ninety days after he received his Notice of Right to Sue. If the Court can properly take judicial notice of the event log as a public record whose authenticity is not contested, the event log demonstrates that Griffin filed this action 99 days after he received his Notice of Right to Sue. If the Court cannot properly take judicial notice of the event log, the Court will presume Griffin received it within three to seven days, as he did not plead when he received it. *See Bernstein v. Maximus Fed. Servs., Inc.*, 63 F.4th 967, 969 (5th Cir. 2023) (citing *Taylor*, 296 F.3d at 379) ("In the absence of any contrary allegations to the contrary, our caselaw presumes receipt within three to seven days of the date on which it was mailed."). And, like in *Taylor*, even if the Court were to apply the maximum number of days that courts have allowed under the presumption of receipt doctrine—i.e., seven days after the EEOC sent Griffin the letter— his claim was still untimely. *See Taylor*, 296 F.3d at 380 (affirming the dismissal of a case that had been filed one day beyond the ninety-day period, using the assumption that the plaintiff received his notice of right to sue seven days after it was sent). The Court may presume that Griffin received his Notice of Right to Sue at the latest on March 26, 2025, which is seven days after it was uploaded to his EEOC file. Based on this date, Griffin filed this action ninety-three days after he received notice of his right to use. Courts in this Circuit "strictly" follow the ninety-day requirement, and as a result, this case must be dismissed. *See id.* at 379–80 (stating the rule that the "requirement to file a lawsuit within the ninety-day limitation period is strictly construed" and affirming the dismissal of a case that was filed one day after the ninety-day period expired).

Griffin argues in his Response that "timeliness issues involve factual determinations that cannot be resolved on a motion to dismiss." (Pl.'s Resp., Dkt. 13, at 2). This is wrong. Courts

6

frequently dismiss cases that were filed after the ninety-day limitation period. *Id.* at 379 ("Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired."). The Court will therefore grant Amazon's motion to dismiss.

### B. Motion for Leave to Amend

Griffin includes in his Response a request that the Court grant him leave to amend his pleading, rather than dismiss his case. (Resp., Dkt. 13, at 2). But, because Griffin filed this case more than ninety days after he received his Notice of Right to Sue, any amendment to his Complaint would be futile; no change could make his case timely. *See Stripling*, 234 F.3d at 872–73 (holding that courts can deny leave to amend where amendment would be futile). The Court will therefore deny Griffin's motion for leave to amend his Complaint.

### IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Defendant Amazon's Rule 12(b)(6) Motion to Dismiss, (Dkt. 11), is **GRANTED** with prejudice.

**IT IS FURTHER ORDERED** that Griffin's motion for leave to amend, (Dkt. 13), is **DENIED**.

**IT IS FINALLY ORDERED** that Griffin's motion for a hearing on Amazon's motion to dismiss, (Dkt. 13), is **DISMISSED AS MOOT**.

**SIGNED** on November 12, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE